**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

INAIS VAZQUEZ LLIZO,

       Petitioner,

v.                                   No. 2:26-cv-00640-DHU-JFR

PAMELA BONDI, U.S. Attorney General;
KRISTI NOEM, Secretary of U.S. Department
of Homeland Security; TODD LYONS, Acting
Director of Immigration and Customs
Enforcement (ICE); and DAVID EASTERWOOD,
Acting ICE Director of St. Paul Field Office,

       Respondents.

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Inais Vazquez Llizo's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court GRANTS the Petition.

Petitioner is a native and citizen of Cuba and resident of Minneapolis, Minnesota, who entered the United States without inspection in February 2022. *Id.* ¶¶ 7, 12. Upon her entry, Petitioner presented herself to authorities and was taken into, and later released from, immigration custody on her own recognizance. *Id.* at ¶ 30. She also has a pending Application for Asylum. *Id.* ¶ 13. Since her entry to the United States, Petitioner has accrued no criminal history and possesses a valid work permit, which she renewed in April 2025. *Id.* ¶¶ 14–15.

On January 23, 2026, Petitioner was stopped at a gas station when masked officers of U.S. Immigration and Customs Enforcement ("ICE") arrested her. *Id.* ¶ 16. Following her arrest, Petitioner was taken to a holding area in Minneapolis and then immediately flown to the Otero County Processing Center in Chaparral, New Mexico, for detention. *Id.* ¶¶ 16–17, 21.

On February 26, 2026, Petitioner filed the instant Petition, where she, among other things, challenges her detention as violating the procedural component of the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 32-39. She requests a Writ of Habeas Corpus requiring Respondents to immediately release her from custody or, alternatively, provide her a bond hearing pursuant to 8 U.S.C. § 1226(a), as well as attorney fees under the Equal Access to Justice Act ("EAJA"). *Id.* at 13-14.

This case is not the first of its kind in this Court. This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in February 2022, was detained within the United States, and was

subsequently released on her own recognizance for over three years, developed a protected liberty interest in her release. She was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide such notice and pre-deprivation hearing violated her procedural due process rights. The Court will, therefore, order her immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as her original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that Petitioner is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Wednesday, June 10, 2026, confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

3